IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHILADELPHIA COMMUNITY GROWTH, INC. | |
| *Petitioner* | CRIMINAL NO. 20-415-1 |
| v. | |
| UNITED STATES OF AMERICA | |
| *Respondent* | |

# ORDER

AND NOW, this _____ day of _____, 2025, upon consideration of Petitioner, Philadelphia Community Growth, Inc.'s Ancillary Petition filed pursuant to 21 USCA § 853(n), and any response thereto, it is hereby ORDERED and DECREED as follows:

1. Petitioner, Philadelphia Community Growth, Inc. is permitted to proceed with its pending Act 135 conservatorship action, thereby allowing remediation of a long-abandoned, dangerous, and blighted structure that continues to adversely affect the surrounding community;

2. The United States is authorized to accept a substitution of collateral—specifically, the statutory distribution of net sale proceeds mandated under Act 135—in lieu of maintaining custody and disposition of the Property through the federal forfeiture process; and

3. Petitioner, Philadelphia Community Growth, Inc. is required to secure approval from the United States Department of Justice before any approved sales contract is presented to the Philadelphia Court of Common Pleas.

_____
J.

**TONER LAW GROUP, PLLC**

By: Paul J. Toner, Esquire (Atty. I.D. 94185)
　　Michael P. McIlhinney, Esquire (Atty. I.D. 93246)
　　Kilian C. Teschko, Esquire (Atty. I.D. 332358)
Three Logan Square
1717 Arch Street, Suite 1415
Philadelphia, PA 19103
Ph. 215.282.8525
E. paul@tonerlaw.com
E. michael@tonerlaw.com
E. kilian@tonerlaw.com　　　　　　　Attorneys for Philadelphia Community Growth, Inc.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PHILADELPHIA COMMUNITY GROWTH, INC. : : : *Petitioner* : : v. : : UNITED STATES OF AMERICA : *Respondent* : | CRIMINAL NO. 20-415-1 |

**ANCILLARY PETITION
FILED PURSUANT TO 21 USCA § 853(n)**

　　Petitioner, Philadelphia Community Growth, Inc., ("Petitioner" or "PCG"), by and through its attorneys, Toner Law Group, PLLC, respectfully petitions this Court for a hearing to adjudicate the validity of its interest in the real property located at 709 S Mole Street, Philadelphia, PA 19146 pursuant to 21 USCA § 853(n) and, in support thereof, avers as follows:

　　1.　　Petitioner is a Pennsylvania Non-Profit Corporation located in Philadelphia with a place of business at 520 Carpenter Lane, Philadelphia, PA 19119.

　　2.　　Petitioner is a well-known and well-established non-profit corporation that is focused on blight removal and rehabilitation of properties within Philadelphia in accordance with

1

the statutory provisions of Pennsylvania's ABANDONED AND BLIGHTED PROPERTY CONSERVATORSHIP ACT, as amended, 68 P.S. §§ 1101–1111 ("Act 135" or the "Act"),.

3. To date, Petitioner has effectuated the rehabilitation of not-less than twenty-seven (27) abandoned and blighted properties around Philadelphia since 2022.

4. This Ancillary Petition is filed after Petitioner learned on November 5, 2025 that a property subject to its pending Act 135 conservator action was subject to this forfeiture action.

### The Underlying Act 135 Action

5. Here, Petitioner commenced the underlying Act 135 action against the real property located at 709 S Mole Street, Philadelphia, PA 19146 (the "Property") on July 3, 2025. A true and correct copy of the Act 135 Petition is attached as **Exhibit "A"**.

6. The Act 135 proceeding has been actively litigated as the Philadelphia Court of Common Pleas has reviewed the Petition and scheduled and conducted multiple hearings, with a status hearing currently scheduled for December 12, 2025. *See* Docket Report, attached as **Exhibit "B"**.

7. By means of general background, Act 135 authorizes certain "parties in interest" to petition for conservatorship of abandoned and blighted properties. *See* 68 P.S. §§ 1103, 1105.

8. Among those eligible include a nonprofit corporations, like Petitioner, that is located in the same municipality as the subject property and that have completed at least one project within a five-mile radius. 68 P.S. § 1103. Petitioner satisfies this statutory criteria and therefore qualifies as a party in interest entitled to seek the appointment of a conservator.

9. To date, the presiding judge with the Philadelphia Court of Common Pleas has not yet appointed a conservator, but has scheduled a hearing for December 12, 2025.

10. If the trial court finds that the property is both abandoned and blighted within the meaning of the Act, Petitioner, upon appointment as conservator, is entitled to recover its reasonable costs and fees, as delineated in Section 1107, which are secured by a statutory lien against the property. *See* 68 P.S. § 1107(b)(1)–(2).

11. The distribution of proceeds of the sale of a property subject to Act 135 is governed by 68 P.S. § 1109(d).[1]

12. On September 3, 2025, Cilleson Construction filed a Petition to Intervene in the Act 135 action, asserting ownership of the Property. A true and correct copy of the September 1, 2020 deed to Cilleson Construction is attached as **Exhibit "C"**.

13. At a status conference on August 28, 2025, counsel for Cilleson Construction represented that the Property was scheduled for sheriff's sale within two weeks.

14. The Property was not sold at a sheriff sale.

15. The rear of the Property is completely open and exposed and currently appears as follows:

---

[1] **(d) Distribution.**--The proceeds of the sale shall be applied in accordance with the following priorities to:
   (1) All court costs.
   (2) Liens of the Commonwealth, liens for unpaid property taxes and properly recorded municipal liens.
   (3) Costs and expenses of sale.
   (4) Principal and interest on any borrowing or incurrence of indebtedness granted priority over existing liens and security interest under section 8(b).
   (4.1) Costs incurred by the petitioner in preparing and filing the petition in accordance with the requirements of section 4.[3]
   (5) Costs of rehabilitation and any fees and expenses incurred by the conservator in connection with the sale or the safeguarding of the property for which the lien authorized under section (5)(g)[4] was filed.
   (6) Valid liens and security interests in accordance with their priority.
   (7) Any unpaid obligations of the conservator.
   (8) Deleted by 2014, Oct. 22, P.L. 2557, No. 157, § 5, effective in 60 days [Dec. 22, 2014].
   (9) The owner.

3



### **Notice of The Forfeiture Action**

16. At a hearing held before the Philadelphia Court of Common Pleas on November 5, 2025, counsel for the Act 135 Respondent, Cilleson Construction, advised Petitioner PCG that the owner of Cilleson Construction, Herbert Robinson, had forfeited the Property to the United States Department of Justice as part of a criminal guilty plea.

17. To be clear, Petitioner PCG is not challenging the validity of the forfeiture of the Property.

18. Petitioner PCG nevertheless maintains a valid, good-faith, and legally cognizable interest in the Property by virtue of its pending Act 135 action and the statutory lien rights obtained in accordance with Act 135.

19. Petitioner PCG seeks to continue prosecuting the Act 135 proceeding in order to remediate what has long been a dangerous, blighted, and abandoned structure adversely affecting the surrounding community.

20. Petitioner PCG intends to establish, through evidence presented to the Act 135 court, that the Property meets the statutory definitions of both abandonment and blight.

4

21. Petitioner PCG anticipates being able to complete its court-supervised remediation work within ninety days.

22. Upon the prompt remediation of the Property by Petitioner PCG, the Property would be marketed and sold, subject to oversight and approval by the Philadelphia Court of Common Pleas, and the United States would receive the net sale proceeds after satisfaction of conservatorship costs, as provided under the Act.

23. This procedure is not novel. A materially similar situation, where a property subject to Act 135 conservatorship had also been forfeited to the United States, was successfully resolved in Philadelphia Community Development Coalition, Inc. v. 1518 Loudon, LLC, Case No. 170603231.

24. In that matter, $104,069.46 was distributed to the United States Marshals Service pursuant to an order issued by the Honorable R. Barclay Surrick in Criminal Case No. 16-218 after the United States agreed to substitute collateral in lieu of maintaining custody of the abandoned and blighted property. A copy of the June 13, 2018 Order is attached hereto as **Exhibit "D"**.

25. In that matter, by Order dated April 9, 2018, the District Court for the Eastern District of Pennsylvania ordered that

> the proceeds realized (after costs and expenses pursuant to the conservatorship statute) from the sale of 1524 Ridge Avenue, Philadelphia, PA, currently before the Court of Common Pleas, Philadelphia County, in the matter of PCDC v. 1518 Loudon LLC (Case No. 170603231), shall be released to the United States Marshal Service, substituted for real property, and eld by the United States Marshals pending a final judgment on the forfeiture in this action."

A copy of the April 9, 2018 is attached hereto as **Exhibit "E"**.

26.     Petitioner PCG proposes a comparable approach here, ensuring that the United States' forfeiture interests are protected while allowing the blighted property to be lawfully remediated in accordance with Pennsylvania statute.

27.     Rule 32.2(c)(1) of the Federal Riules of Criminal Procedure provides: "[i]f, as prescribed by statute, a third party files a petition asserting an interest in the property to be forfeited, the court must conduct an ancillary proceeding[.]" Fed. R. Crim. P. 32.2(c)(1).

28.     Petitioner PCG respectfully requests that the Court permit Petitioner PCG to proceed with its pending Act 135 conservatorship action, thereby allowing remediation of a long-abandoned, dangerous, and blighted structure that continues to adversely affect the surrounding community.

29.     Similar to the resolution in PCDC v. 1518 Loudon LLC, Pahila CCP No. 170603231 (2017), Petitioner PCG seeks authorization for the United States to accept a substitution of collateral—specifically, the statutory distribution of net sale proceeds mandated under Act 135—in lieu of maintaining custody and disposition of the Property through the federal forfeiture process.

30.     Allowing the Act 135 action to move forward will ensure that the Property is lawfully rehabilitated and sold under court supervision, while fully preserving the United States' financial interest in the forfeited asset and saving the government the time and cost in remediating the property itself and administering a separate sale.

31.     By means of example, over the last two years, Petitioner PCG has successfully resolved many Act 135 actions under court supervision, including:

   a. <u>Philadelphia Community Growth, Inc. v. Unknown Heirs of Joseph Edward Roulac</u>, Case No. 221101272;

   b. <u>Philadelphia Community Growth, Inc. v. George F. Lutz and Kathleen R. Lutz</u>, Case No. 221200062;

c. <u>Philadelphia Community Growth, Inc. v. Sheila Hardy, known heir to Fannie B. Ramsey, and Unknown Heirs of Fannie B. Ramsey</u>, Case No. 211100110;

d. <u>Philadelphia Community Growth, Inc. v. Joseph J. O'Malley, known heir of Marth O'Malley, and Unknown Heirs of Martha O'Malley</u>, Case No. 221001185;

e. <u>Philadelphia Community Growth, Inc. v. Evander Toney, Jr., Administrator of Estate of Evander Toney, Sr., et al.</u>, Case No. 230602341;

f. <u>Philadelphia Community Growth, Inc. v. Jahleel S. Daniels</u>, Case No. 230602342;

g. <u>Philadelphia Community Growth, Inc. v. Josephine Taylor and Leonard Smith</u>, Case No. 230402553;

h. <u>Philadelphia Community Growth, Inc. v. Luciano G. Orsini</u>, Case No. 230903123;

i. <u>Philadelphia Community Growth, Inc. and Commonwealth Preservation Alliance, Inc. v. Philadelphia Land Bank</u>, Case No. 230101740:

j. <u>Philadelphia Community Growth, Inc. v. Kenneth Matthews, known heir of Anna Mae Matthews, and Unknown Heirs of Anna Mae Matthews</u>, Case No. 230600259;

k. <u>Philadelphia Community Growth, Inc. v. Geneva Gaffney, Administrator of the Estate of Annie Mildred Boatwright, and Unknown Heirs of Annie Mildred Boatwright</u>, Case No. 230402303;

l. <u>Philadelphia Community Growth, Inc. v. Linda C. Doroba</u>, Case No. 240403778;

m. <u>Philadelphia Community Growth, Inc. v. Francis Schnering, Administrator of the Estate of Roseanne Donahue</u>, Case No. 240200981;

n. <u>Philadelphia Community Growth, Inc. v. Craig DiGiovanni, et al.</u>, Case No. 2024-19132;

o. <u>Philadelphia Community Growth, Inc. v. Michael S. Jackson</u>, Case No. 240302294;

p. <u>Philadelphia Community Growth, Inc. v. Ben Investment Property, LLC</u>, Case No. 241003339;

q. <u>Philadelphia Community Growth, Inc. v. Charles Person, Jr.</u>, Case No. 240401873;

r. <u>Philadelphia Community Growth, Inc. v. Ginark Investment and Management, LP</u>, Case No. 240503151;

s. <u>Philadelphia Community Growth, Inc. v. 1534 Etting LLC</u>, Case No. 240600341;

t. <u>Philadelphia Community Growth, Inc. v. Ginark Investment and Management, LP</u>, Case No. 240503149;

u. <u>Philadelphia Community Growth, Inc. v. Sean Robinson and All Unknown Heirs of Lillian and Sean Robinson</u>, Case No. 240602215;

v. <u>Philadelphia Community Growth, Inc. v. 2505 Manton, LLC</u>, 241001561;

w. <u>Philadelphia Community Growth, Inc. v. Phyllis D. Haskin</u>, Case No. 250401723;

x. <u>Philadelphia Community Growth, Inc. v. Anthony Carr-Pierce</u>, Case No. 250600784;

y. <u>Philadelphia Community Growth, Inc. v. Roberta Eileen Young and Dale E. Adams</u>, Case No. 250200093;

z. <u>Philadelphia Community Growth, Inc. v. Sharon Baptist Church of Philadelphia, Inc.</u>, Case No. 250700522; and

aa. <u>Philadelphia Community Growth, Inc. v. Justin V. Hayes</u>, 250102924.

32. Petitioner PCG has also successfully resolved Act 135 actions concerning properties subject to liens from the United States Department of Housing and Urban Development.[2]

33. Petitioner PCG is well positioned to remedy the blighting influence of the Property, which has long plagued the surrounding community, and provide the United States with the financial relief is seeks in the forfeiture action.

WHEREFORE, Petitioner, Philadelphia Community Growth, Inc. respectfully requests that this Honorable Court permit Petitioner to proceed with its pending Act 135 conservatorship action, substitute the statutory distribution of net sale proceeds mandated under Act 135 as collateral, and ensure that the Property is lawfully rehabilitated.

Respectfully Submitted,

---

[2] <u>Philadelphia Community Growth, Inc. v. Sheila Hardy, known heir to Fannie B. Ramsey, and Unknown Heirs of Fannie B. Ramsey</u>, Case No. 211100110 and <u>Philadelphia Community Growth, Inc. v. Linda C. Doroba</u>, Case No. 240403778.

                                        **TONER LAW GROUP, LLP**

                                        **BY:**    /s/ Paul J. Toner
                                                         Paul J. Toner, Esquire
                                        Three Logan Square
                                        1717 Arch Street, Suite 1415
                                        Philadelphia, PA 19103
                                        Ph. 215.282.8525
                                        E. paul@tonerlaw.com

Dated: December 3, 2025

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PHILADELPHIA COMMUNITY GROWTH, INC. | : |
| *Petitioner* | : |
| v. | : CRIMINAL NO. 20-415-1 |
| UNITED STATES OF AMERICA | : |
| *Respondent* | : |

## DECLARATION

I, Keith Regan, President of Philadelphia Community Growth, Inc., attest and declare under penalty of perjury that my petition is not frivolous and the information provided in support of my petition is true and correct to the best of my knowledge and belief.

_____
KEITH REGAN, PRESIDENT

Date: 12/03/2025

**CERTIFCATE OF SERVICE**

I hereby certify that on this 3rd day of December, 2025, I caused a true and correct copy of the foregoing Ancillary Petition to be filed electronically through the Court's CM/ECF system. Pursuant to Fed. R. Civ. P. 5(b)(2)(E) and the Court's electronic filing procedures, service of this filing is automatically made upon all counsel of record who are registered CM/ECF users.

Respectfully Submitted,

**BY:**   /s/ Paul J. Toner
Paul J. Toner, Esquire
Three Logan Square
1717 Arch Street, Suite 1415
Philadelphia, PA 19103
Ph. 215.282.8525
E. paul@tonerlaw.com

Dated: December 3, 2025